UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| REGINA BUENAVENTURA DELA CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 13-06286-DFM<br><br>MEMORANDUM OPINION AND ORDER |

  Plaintiff appeals from the denial of her application for Social Security benefits. On appeal, the Court concludes that the administrative law judge ("ALJ") erred in failing to consider the impact of Plaintiff's mental impairments on her residual functional capacity ("RFC"). Therefore, the Court reverses the ALJ's decision and remands to the ALJ for consideration of the functional limitations associated with Plaintiff's mental impairments.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

  Plaintiff filed applications for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits, alleging

disability beginning July 2, 2008. Administrative Record ("AR") 14.

At step two of the sequential disability analysis, the ALJ determined that several of Plaintiff's physical impairments were "severe," but that her mental impairments of depression and anxiety, while medically determinable, were not severe. AR 17-19. In so finding, the ALJ rejected, at least in part, opinions from two physicians. Dr. James Scaramozzino, a consultative examiner, determined based on a review of Plaintiff's clinical records and an in-person examination that Plaintiff was moderately impaired in her intellectual functioning, daily activities, social functioning, ability to deal with changes in a work setting, ability to complete a normal workday and workweek without interruption and at a consistent pace, and ability to accept instructions from a supervisor and respond appropriately. AR 685. Dr. G. Johnson, a state consulting physician, reviewed the medical record and determined that Plaintiff suffered from mild restrictions in daily living and social functioning, and moderate difficulties in maintaining concentration, persistence, or pace. AR 701.

The ALJ found that she could not afford Dr. Scaramozzino's opinion "significant weight" because it was "internally inconsistent," it contradicted other evidence, and it "afford[ed] the maximum possible credibility to the claimant's subjective complaints of pain and symptoms and functional limitations." AR 18. The ALJ assigned weight only to the mild limitations noted in Dr. Johnson's opinion, determining that the moderate limitation in concentration, persistence, or pace was unsupported by the medical evidence and inconsistent with other medical opinion. AR 19.

Because the ALJ determined that certain of Plaintiff's physical impairments were severe, she proceeded with an RFC assessment that synthesized limitations associated with her physical impairments. AR 20-24. The ALJ then determined, based on the testimony of a vocational expert

("VE") that Plaintiff remained able to perform her past relevant work as a cashier. AR 24.

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ (1) properly rejected the opinions of Plaintiff's treating and examining physicians; (2) properly determined that Plaintiff's mental impairments were non-severe at step two of the five-step sequential evaluation process; and (3) properly determined that Plaintiff's mental impairments did not meet the one-year durational requirement. See Joint Stipulation ("JS") at 14.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). If the evidence can reasonably support either affirming or reversing, the Court may not substitute its judgment for that of the ALJ.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## IV.

## DISCUSSION

Plaintiff contends that the ALJ improperly rejected the opinions of numerous physicians, and consequently failed to synthesize into Plaintiff's RFC assessment certain limitations described by those physicians. JS at 14-21, 37-39. The Court's review of the record reveals that, at a minimum, the ALJ failed to properly consider the mental impairments described in the medical opinions of Drs. Scaramozzino and Johnson in reaching an RFC assessment. Because the Court finds that the decision of the ALJ must be reversed on that basis, the Court will not address Plaintiff's remaining contentions.

The portion of the ALJ's decision dedicated to assessing Plaintiff's RFC is devoid of any mention of Plaintiff's mental impairments, the opinions of Drs. Scaramozzino and Johnson, or the mental health observations made during Plaintiff's three years of visits to Marian Community Clinics. An ALJ must consider all of a claimant's medically determinable impairments, including those determined to be non-severe, in reaching an RFC assessment. See 20 C.F.R. §§ 404.1545(e), 416.945(e); SSR 96-8P, 1996 WL 374184 ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.' While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim."). Because the ALJ determined that Plaintiff's mental impairments of depression and anxiety were medically determinable, it was error for the ALJ to fail to consider these impairments in her RFC analysis.

Although it is true that the ALJ considered and partially rejected the opinions of Drs. Scaramozzino and Johnson in reaching her determination

that Plaintiff's mental impairments were not severe, the record shows that the ALJ failed to consider the opinions (and the underlying mental impairments they describe, supported by the clinical notes from Marian Community Clinics) in assessing Plaintiff's RFC. As the ALJ noted at step two, the RFC assessment "requires a more detailed assessment" as compared with the assessment of whether an impairment is severe at step two. AR 19. Rather than provide such an assessment, however, the ALJ noted only that "the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." Id. The ALJ therefore did not explain how she determined that the medically-determinable mental impairments described in the partially-credited opinions of Drs. Scaramozzino and Johnson would not lead to RFC limitations when synthesized with Plaintiff's other medically determinable impairments. This error was compounded by the ALJ's imprecision in describing the degree to which she credited Dr. Scaramozzino's opinion. See AR 18. On remand, in determining the impact of Plaintiff's mental impairments on her RFC, the ALJ should take care to properly assess the medical opinions, considering the issues mentioned here and describing the extent to which each physician's opinion is credited in terms that are readily susceptible to review.

In light of the ALJ's silence, the Court may not presume that the ALJ properly discredited the medical opinions to such an extent that Plaintiff's RFC would be unaffected by the mental impairments they describe, nor accept the post-hoc justifications provided by the Commissioner for doing so.[1] See, e.g., Johnson v. Colvin, No. 12-435, 2013 WL 3337772, at *6 n.3 (C.D. Cal.

---

[1] Indeed, the ALJ explicitly credited the opinion of Dr. Johnson to the extent of the mild limitations that it described, see AR 19, but made no mention of this opinion in her RFC analysis.

July 1, 2013) ("While the Commissioner now offers other reasons to explain the ALJ's [decision], the Court cannot entertain these post hoc rationalizations.").

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. Lewin, 654 F.2d at 635. Based on the foregoing, the Court finds that remand is warranted for clarification as to the impact, if any, of Plaintiff's mental impairments on her RFC.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

Dated:  June 24, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge